IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KARL ALEXANDER MEYER,

                     Plaintiff,                         OPINION and ORDER

       v.                                         09-cv-312-bbc

WISCONSIN DEPARTMENT OF
CORRECTIONS, MARK TESLIK,
CAROL GARCEAU, MILDRED PARISE,
ANA BOATWRIGHT, TOM GOZINSKE,
AMY SMITH and LISA PITTERA,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights case, plaintiff Karl Alexander Meyer contends that defendants Wisconsin Department of Corrections, Mark Teslik, Carol Garceau, Mildred Parise, Ana Boatwright, Tom Gozinske, Amy Smith and Lisa Pittera violated his rights under the First Amendment free exercise clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-1(a)(1)-(2), by denying his request for a "world tree" emblem, a Shamanic symbol. Now before the court are the parties' cross-motions for summary judgment. Because plaintiff has failed to present any evidence that would support a finding that his religious exercise was substantially burdened by defendants' denial, I will

1

deny plaintiff's motion for summary judgment and grant defendants'.

From the parties' proposed findings of fact and the record, I find the following facts to be material and undisputed.

UNDISPUTED FACTS

A. Prison Policies Related to Religious Property and Religious "Umbrella" Groups

Under a policy of the Department of Correction's Division of Adult Institutions, DAI Policy #309.61.01, religious groups are organized into "Umbrella Religion Groups," which are "inclusive group[s] designed to appeal to a wide range of religious beliefs within a given faith group." The department's designated Umbrella Religion Groups include Protestant, Islam, Native American, Catholic, Jewish, Eastern Religions and Pagan. Each umbrella group is led by a recognized spiritual leader to monitor religious services and study groups. Each umbrella group has an annual feast and a list of religious property and many have special religious diets and segregated accounts for funds donated to the group.

A prisoner must choose one of the different umbrella groups as his "religious preference" using form DOC 1090 to enable him to receive and possess personal religious property, including religious emblems. (The form also includes a space where a prisoner may designate an additional identifier to name his particular religion under the umbrella group.) A prisoner is allowed to receive and possess only those religious property items approved for

2

the umbrella group he has chosen. The approved property items for each umbrella group are listed in a religious property chart attached as an addendum to an internal management procedure of the Department of Corrections, DOC 309 IMP 6A.

The "Book of Shadows Holy Book" is approved for personal use under the Pagan umbrella group. The "Book of Shadows" is blank; it can be a journal, a folder with loose papers, a logbook or a notebook. Its contents are created and controlled by the owner of the book. A prisoner may draw symbols and runes in the Book of Shadows so long as the symbols are not associated with disruptive groups. A prisoner could draw a picture of a world tree in the Book of Shadows.

Prisoners who want a new religious property item that is not on the pre-approved religious property list may complete form DOC 2075, "Request for New Religious Practice" and submit the request to the chaplain. The chaplain reviews the request and makes a recommendation. The program supervisor and the Department of Adult Institution's Religious Policy Advisor/Coordinator also review the request and make their own recommendations. Finally, the request goes to the warden, who makes a final decision after reviewing the request and the recommendations.

B.  Plaintiff's Requests for a World Tree Emblem and for New Umbrella Group

Plaintiff was transferred to the New Lisbon Correctional Institution on October 18,

3

2005. On October 19, 2005, plaintiff completed form DOC 1090, checking the "Pagan" box and designating "Heathenry, Shamanism" as an additional identifier pertaining to his religious preference. On March 14, 2006, plaintiff submitted form DOC 2075 asking for a Thor's Hammer emblem and asking that his umbrella group be allowed Runes and a pouch to carry them in. Plaintiff stated that these items were symbolic of his beliefs.

On July 5, 2007, plaintiff filled out a DOC 2075 form, "Request for New Religious Practice," asking to receive an emblem of either the "runic tree" or the "world tree." In explaining his request, plaintiff asserted that the world tree "signifies the shaman's relationship to the natural world," was "a symbol of the three worlds" and "the three consciousnesses of man." More than a year later, plaintiff received the form back with recommendation from the chaplain and comments from the program director and central office staff but no decision or signature from the warden. The chaplain, defendant Teslik, did not support approval of the form, stating that "I see no need to add another emblem unless it would appear to represent a broad number within this umbrella group." Plaintiff filed an inmate complaint related to the delay and processing of his form, but the complaint was rejected as filed beyond the limit for submitting complaints and plaintiff did not appeal the decision to the highest level.

On May 2, 2008, plaintiff completed a DOC 1090 form to change his religious preference from "Pagan" to "Other," with the religion "Shamanism" filled in after "Other."

4

Defendant Teslik told plaintiff that he would have to verify that he is "under Pagan umbrella" to receive pagan-approved personal property items.

On August 20, 2008, plaintiff filed a new DOC 2075 request, again asking for a world tree emblem. In his request, plaintiff described the world tree as "the axis mundi" connecting ancestral, material and spiritual and super-spiritual worlds and explained that the world tree "is used by the Shaman in journeying." On this form, plaintiff listed his religion as simply "Shamanism." Defendants Teslik, Garceau and Pittera recommended denial of the request for a world tree emblem on the ground that plaintiff was seeking the property request outside any umbrella group. Defendant Boatwright adopted the recommendations as her decision and signed the form denying the request. Plaintiff filed a complaint challenging the denial that defendant Parise recommended dismissing and defendant Boatwright dismissed. Plaintiff appealed the dismissal; defendant Gozinske recommended dismissal and defendant Amy Smith dismissed the appeal.

On January 27, 2009, plaintiff filed another DOC 2075 form, this time asking that the religion of Shamanism be acknowledged under the "other" umbrella group because it had "unique" practices and "ritual needs" combining elements of "first nation" religions and "Eurasian" religions. Plaintiff asserted that, as a "hereditary shamanic practitioner," he performs rituals, meditations and items to "contact the spirits of the other worlds for guidance." He also asked for a list of sacred items to be approved for the new proposed

5

umbrella group of "Shamanism," explaining that the requested items are "used to journey to the three worlds, contact specific worlds/spirits in a specific way" and allow spirits of the other worlds to "contact [plaintiff] as they wish." Plaintiff's request was denied. In one recommendation for denial, the author explained that "[o]ur spiritual advisors agree that Shamanism should fit under the Pagan Umbrella group."

## OPINION

### A. Scope of Case

As an initial matter, the parties disagree about the basic contours of this case. Although the parties agree that plaintiff contends that defendant's denial of his request for a world tree emblem violated his First Amendment rights and RLUIPA, they disagree about *which* denial is in issue. Plaintiff seeks to challenge defendants' denial of his request for a world tree emblem under the Pagan umbrella group and their denial of his request outside any umbrella group (under the "Other" group). Defendants contend that the only issue properly before the court is defendants' refusal to allow plaintiff to receive the emblem when he requested it outside an umbrella group. According to defendants, although plaintiff asked for a world tree emblem both within the Pagan umbrella group and without, and mentioned both in his complaint, only for the latter request were defendants "given the opportunity to fully consider the request." Defs.' Br., dkt. #18, at 4.

6

Regardless whether the request for an emblem within the Pagan group was "fully consider[ed]," it was present in the complaint, which means it is a part of the case. Defendants' argument that it be disregarded is nothing more than a backdoor attempt to eliminate claims that were not properly exhausted. It is too late to do that; defendants had until September 25, 2009 to file a dispositive motion for failure to exhaust administrative remedies and declined to do so. Therefore, defendants' denial of both requests will be considered.

Another issue related to the scope of the case is plaintiff's argument that defendants are violating the establishment clause. Plaintiff was not given leave to proceed on such a claim because there were no allegations in his complaint that suggested that defendants were favoring other religions. Even if the claim were properly before the court, it would not survive summary judgment. Under the establishment clause, the question is whether "defendant[s] are treating members of some religious faiths more favorably without a secular reason for doing so." Goodvine v. Swiekatowski, 2010 WL 55848, at *3 (W.D. Wis. Jan. 5, 2010) (citing Nelson v. Miller, 570 F.3d 868, 881 (7th Cir. 2009)). Plaintiff has no evidence suggesting any other religious faith faced different circumstances: all religious faiths were forced into larger "umbrella groups" and required to request new property items if not already approved. Plaintiff does not identify anything about the way the groups were organized that could suggest that some religious groups were favored over others.

7

B.  Free Exercise and RLUIPA Claims

What remains in the case are defendants' denials of plaintiff's requests for a world tree emblem both within the Pagan umbrella group and within the "Other" category. In either case, plaintiff has as his starting point the requirement that he show that his inability to receive the world tree emblem substantially burdened his religious exercise. Koger v. Bryan, 523 F.3d 789, 797-98 (7th Cir. 2008); Vision Church v. Village of Long Grove, 468 F.3d 975, 996-97 (7th Cir. 2006).  Plaintiff explains a bit about what the "world tree" is, saying that it "assists" the Shaman in connecting to different worlds and communicating with spirits from the different worlds.  He adds that the emblem he requested was "symbolic" of his religion "Saami Shaman."  Plaintiff's showing is not enough to suggest that any religious exercise was substantially burdened.

It is undisputed that, when he described himself as a "Pagan," plaintiff could have drawn the world tree symbol in a Book of Shadows.  Plaintiff is silent on what benefits, if any, an out-of-book world tree emblem could offer.  Plaintiff points out that the Department of Corrections policy prohibits "[r]eligious items made in hobby," dkt. #21-2, at 12, but does not explain how this policy would prohibit drawings in the Book of Shadows. Moreover, defendant has affirmatively stated that such drawings *are* permissible so long as they are not associated with disruptive groups, and there is no evidence that the world tree is.  Because plaintiff could have drawn a world tree emblem, defendants' denials of an out-of-

8

book emblem did not prevent plaintiff from enjoying the world tree symbol or using it in his religious practice.

When plaintiff changed his religious preference, he could no longer use the Book of Shadows or otherwise enjoy the religious property available to "Pagans." However, plaintiff has failed to adduce any evidence suggesting that his religious exercise would have been substantially burdened by his reverting to the umbrella group of "Pagan" from the group "Other." Plaintiff had practiced as a Shaman under the pagan umbrella group for two years before he switched to "Other" and he offers no evidence that the grouping interfered with his ability to practice as a Shaman.

There is no evidence that it would have been a substantial burden for plaintiff to ask for a Book of Shadows under the Pagan umbrella group and draw his own world tree instead of asking for an out-of-book emblem and changing his umbrella group to "Other." Therefore, defendants' motion for summary judgment will be granted and plaintiff's denied. (Because I so conclude, it is not necessary to consider defendants' argument that plaintiff cannot get money damages because defendants are entitled to qualified immunity for the First Amendment claim and money damages are unavailable for RLUIPA claims. Nelson v. Miller, 570 F.3d 868 (7th Cir. 2009). It is also not necessary to consider whether plaintiff's injunctive claims have been mooted now that he has been transferred from the New Lisbon Correctional Institution.)

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by plaintiff Karl Alexander Meyer, dkt. #28, is DENIED and the motion for summary judgment filed by defendants Wisconsin Department of Corrections, Mark Teslik, Carol Garceau, Mildred Parise, Ana Boatwright, Tom Gozinske, Amy Smith and Lisa Pittera, dkt. #17, is GRANTED.

2. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 16th day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge